FRANK KEENAN, BY HIS NEXT FRIEND, PLAINTIFF AND
RESPONDENT, v. PUBLIC SERVICE RAILWAY COM-
PANY, DEFENDANT AND APPELLANT.

Submitted December 8, 1913—Decided March 16, 1914.

The evidence tended to show that the plaintiff, a boy eight years and
four months old, was walking at seven o'clock in the evening of
December 6th, 1912, on a public crosswalk at a street intersec-
tion in a thickly-populated neighborhood in West New York;
that he stood on the crosswalk, allowing a southbound street car
to pass; that when the car had passed about five or six feet,
without looking for the approaching car, he proceeded across the
southbound track and upon reaching the first rail of the north-
bound track, the car of the defendant, coming at a "good speed,"
without giving any bell or warning of its approach, struck the
plaintiff and knocked him five or six feet; that the car proceeded
about two hundred feet before the motorman stopped it. *Held*,
that the questions of the negligence of the defendant and the con-
tributory negligence of the plaintiff were for the jury.

On appeal from a judgment of the Hudson County Circuit
Court.

For the appellant, *Edwards & Smith.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a
judgment for the plaintiff entered on the verdict of a jury in
the Hudson Circuit Court in an action brought to recover

damages for injuries sustained by a child struck by the defendant's street car at a street intersection in West New York. The objection at the trial was, and here is, that the judge erroneously refused to direct a verdict for the defendant company.

The motion was made upon the theory that the evidence respecting the negligence of the defendant and the contributory negligence of the plaintiff presented questions for the court and not for the jury.

We do not so view the matter.

If the jury believed the evidence most favorable to the plaintiff, as of course they were at liberty to do if they saw fit, it was open to them to find the following matters of fact:

The plaintiff, a boy eight years and four months old, at seven o'clock in the evening of December 6th, 1912, was walking on a public crosswalk at a street intersection in a thickly populated neighborhood; that he stood on the crosswalk allowing a southbound street car to pass; that when the car had passed about five or six feet, without looking for the approaching car, he proceeded across the southbound track, and upon reaching the first rail of the northbound track the car of the defendant, coming at a "good speed," without giving any bell or warning of its approach, struck the plaintiff and knocked him five or six feet; that the car proceeded about two hundred feet before the motorman stopped it.

That from such matters of fact the jury could reasonably and legitimately infer negligence upon the part of the defendant company is settled. *Consolidated Traction Co.* v. *Scott,* 29 *Vroom* 682; *Zolpher* v. *Camden and Suburban Railway Co.,* 40 *Id.* 417; *Kraut* v. *Public Service Railway Co.,* 53 *Id.* 437.

It is also settled that the question whether the plaintiff, under the evidence recited, was guilty of contributory negligence, was for the jury. *Consolidated Traction Co.* v. *Scott,* 29 *Vroom* 682; *David* v. *West Jersey and Seashore Railroad Co.,* 55 *Id.* 685.

The motion for a direction of a verdict was therefore properly denied and the judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 12.

*For reversal*—None.